# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**TEJUAN DENNIS**,
    Plaintiff,

v.

**BROOKFIELD PROP. RETAIL INC.**,
    Defendant.

**Case No. 2:23-cv-873-CLM**

## MEMORANDUM OPINION

Tejaun Dennis argued with another shopper at the Riverchase Galleria Mall. After talking to both men, mall security guards and Hoover police removed Dennis from the mall and banned him from returning for one year. Dennis sues the owner and operator of the Galleria, Brookfield Properties Retail, Inc., for (1) slander and defamation, (2) harassment, (3) negligence, (4) false imprisonment, and (5) negligent hiring, training, and supervision. (Doc. 1-1).

Brookfield moves for summary judgment on all claims. (Doc. 19). Because Dennis provides no evidence that would allow a reasonable juror to find that the security guards acted as agents of Brookfield, the court **GRANTS** Brookfield's motion on all counts.

### BACKGROUND

**A.    Dennis' failure to dispute facts**

As the introduction suggests, the court bases its ruling on a lack of evidence. Dennis did not seek written discovery from Brookfield, nor did he ask to depose any witnesses, including a Brookfield corporate representative. *See* (Doc. 31, p.1). Nor did Dennis respond to Brookfield's written discovery requests. *See id.*; (Doc. 20, ¶ 10, n.3).

When Brookfield moved for summary judgment, Dennis did not dispute any of the 28 "undisputed facts" Brookfield listed in its brief in support, nor did he list any of his own "undisputed facts," despite the court's uniform initial order that says: "All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment." (Doc. 2, pp. 16-17); *see also* Fed. R. Civ. P. 56(e)(2) (allowing the court to consider facts "undisputed" if the responding party fails to "properly address" the moving party's statement of facts).

As a result, the court assumes all facts listed by Brookfield as admitted and uses them—along with the evidence Brookfield produced to support them—to detail the altercation that led to this lawsuit. The court also considers the four pieces of evidence Dennis produced along with his brief in opposition. *See* (docs. 25-2, 25-3, 25-4, 25-5).

**B.    The altercation**

Dennis took his son to the Galleria's food court and secured a table. Dennis gave his son his food, then walked toward another restaurant to buy food for himself. As he was walking, Dennis turned back to his son and said something.

That 'something' was heard by two young children in a stroller. The kids started crying. So the kids' father approached Dennis and asked him what he said or did to make the children cry.

The two men argued for about three minutes before mall security arrived. Security guards separated the men and talked to them outside the presence of the other. Dennis admits that he yelled and cursed at the security guards. Dennis also admits that he does not know what the other man and security guards talked about.

Hoover police arrived about six minutes after the security guards. The security guards talked to Hoover police and the other man, and Dennis admits he does not know what they talked about.

According to the incident report, one of the security guards decided to "verbally ban" Dennis from the mall for one year. (Doc. 21-5, p. 2). Hoover police asked Dennis for identification, and Dennis refused. *Id.* So one security guard and one Hoover police sergeant escorted Dennis out of the mall. *Id.* Hoover police determined Dennis's identity by checking the number on his vehicle's license plate. *Id.*

### C.   The lawsuit

Dennis did not return to the Galleria during the next year. After the year ended, Dennis sued Brookfield and multiple fictitious defendants in the Circuit Court of Jefferson County. (Doc. 1-1). Brookfield removed the case to this court based on diversity jurisdiction. *Id.* Because "fictitious-party pleading is not permitted in federal court," only Dennis's claims against Brookfield are before this court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

As stated, Dennis did not seek discovery from Brookfield, and he did not answer Brookfield's discovery requests. Brookfield seeks summary judgment on all counts. (Doc. 19).

### STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court "must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor." *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990). The court does not weigh the evidence as fact-finder; rather, it must "determin[e] whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

## DISCUSSION

Dennis pleads five state-law claims: (1) slander and defamation, (2) harassment, (3) negligence, (4) false imprisonment, and (5) negligent hiring, training, and supervision. (Doc. 1-1). Brookfield is the only defendant. Brookfield is also a corporation, which means it acts through its agents. As a result, to survive summary judgment on all counts, Dennis must offer evidence that would allow a reasonable juror to find that a Brookfield agent slandered, defamed, harassed, or falsely imprisoned him, or that Brookfield negligently trained and supervised its agents not to slander, defamed, harass, or falsely imprison him.

Brookfield argues that Dennis produced no evidence that the security guards or Hoover police officers were Brookfield agents, rather than independent contractors (the security guards) or city agents (the Hoover police officers). Dennis responds in two ways. First, he argues that Brookfield waived the agency argument. Second, he argues that the security guards were Brookfield agents, rather than independent contractors. The court addresses Dennis's arguments in Parts B-C. But the court starts by explaining why agency matters under Alabama law.

### A. Alabama law requires Dennis to prove that Brookfield had a right to control the acts of the security guards.

Dennis does not allege that the Brookfield corporation acted against him, and it is undisputed that the police officers were agents of the City of Hoover, not Brookfield. So Dennis necessarily focuses on the acts of the security guards who engaged him.

Under Alabama law, Dennis can show that Brookfield is liable for the security guards' conduct in one of two ways: (a) respondeat superior or (b) negligent hiring, training, and supervision. *See QHG of Enter., Inc. v. Pertuit*, 323 So. 3d 1171, 1179 (Ala. 2020). Under the former, "a principal may be held liable for his agent's tort committed in the course and scope of the agent's employment." *Pryor v. Brown & Root USA, Inc.*, 674 So. 2d 45, 47-48 (Ala. 1995) (using the terms "agent" and "employee"

4

interchangeably in the respondeat superior context). Under the latter, an employer may be held liable for negligently hiring, training, and supervising an employee whose conduct injures a third party. *See Univ. Fed. Credit Union v. Grayson*, 878 So. 2d 280, 291 (Ala. 2003) (treating negligent hiring and supervision as one claim); *Lane v. Cent. Bank of Ala., N.A.*, 425 So. 2d 1098, 1100 (Ala. 1983) (describing the "tort of negligent supervision of an employee" as holding an employer "responsible for his [employee's] incompetency when notice of knowledge, either actual or presumed, of such unfitness has been brought to him").

Both theories share a common denominator: an employer-employee relationship. *See Hendley v. Springhill Mem'l Hosp.*, 575 So. 2d 547, 550 (Ala. 1990) ("To recover against a defendant under the theory of respondeat superior, it is necessary for the plaintiff to establish the status of employer and employee—master and servant."); *Jones Express, Inc. v. Jackson*, 86 So. 3d 298, 304 (Ala. 2010) (discussing a negligent hiring, retention, and supervision claim based on the misconduct of defendant's "employee"). That relationship is proved by showing that the principal has retained a right of control over the actions of the alleged agent. *Ex parte Wild Wild West Soc. Club, Inc.*, 806 So. 2d 1235, 1241 (Ala. 2001). And it is the plaintiff's burden to prove that right of control. *Id.* at 1242.

**B. Brookfield did not waive Dennis's burden to prove agency.**

Dennis first argues that Brookfield waived its agency argument by not raising it before seeking summary judgment. But as discussed, agency is not an affirmative defense that Brookfield must plead and prove, *see* Fed. R. Civ. P. 8(c); it's an essential element that Dennis must prove. *Wild Wild West*, 806 So. 2d at 1242; *see also Reed v. Bd. of Tr. for Ala. State Univ.*, 778 So. 2d 791, 795 (Ala. 2000) ("The burden of proving the existence of an employment relationship rests on the party asserting the relationship.").

1. *No waiver*: Brookfield did not waive Dennis's burden. In its answer, Brookfield denied Dennis's allegations that Brookfield negligently hired, trained, and supervised the security guards. *Compare*

5

(doc. 1-1, ¶¶ 55-56) *with* (doc. 4, ¶¶ 55-56). Then, as its Tenth Defense, Brookfield pleaded that the incident "was caused by the acts or omissions of others over whom Brookfield has not control, and for whom Brookfield is not liable, thus barring recovery against Brookfield." (Doc. 4, p. 7). Later, in the parties' joint status report, Brookfield asserted that Dennis could not prove "that Brookfield is liable for the incident at issue" and that Dennis "cannot establish that Brookfield is liable for any of the conduct alleged in the complaint." (Doc. 18, p. 8). Then, when discussing Count V, Brookfield asserted: "Mr. Dennis must prove that an agent or employee of Brookfield was incompetent, and that Brookfield had notice of this incompetence. Here, Mr. Dennis cannot present any evidence that an employee or agent of Brookfield was incompetent, or that Brookfield knew of any such incompetence." *Id.*, p. 16-17.

As plaintiff, it is Dennis's responsibility to know and satisfy his burden of proof. All of the above statements portend that Brookfield would force Dennis to satisfy his burden of proving agency. None of these statements—or any other statement Brookfield made before filing its Rule 56 motion—affirmatively waived Dennis's burden or stipulated that he could meet it. So the court rejects Dennis's waiver argument.

2. *Burden of production*: Dennis also argues that Brookfield cannot argue against agency because it produced no evidence that disproves agency. (Doc. 25, p. 5). But again, Brookfield has no burden of proof; Dennis does. And "when the non-moving party bears the burden of proof on an issue at trial, the moving party need not support its motion with affidavits or other similar material *negating* the opponent's claim in order to discharge this initial responsibility." *Wills v. Royal Caribbean Cruises, Ltd.*, 77 F.4th 1332, 1336 n.7 (11th Cir. 2023) (quotations omitted). "Instead, the moving party may simply point out to the district court that there is an absence of evidence to support the nonmoving party's case." *See id.* (quotations omitted).

Brookfield met its minimal burden to "simply point out" that no evidence supported an agency relationship between Brookfield and the

6

security guards. *Id.*; *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) ("The moving party bears the initial burden to show the district court, by reference to the materials on file, that there are no genuine issues of material fact that should be decided at trial."). Once it did, Dennis had the burden to produce evidence that would create a genuine issue of material fact about agency. As discussed in the next part, Dennis did not meet his burden.

## C. Dennis produced no evidence that would allow a reasonable juror to find that the security guards were agents, rather than independent contractors.

Mall security guards are not necessarily agents of the mall's owner. Alabama law distinguishes between agents and independent contractors, and this distinction is "critical" here "because it is a well-settled rule that a principal is not ordinarily liable for the torts of its independent contractor." *Wild Wild West*, 806 So. 2d at 1241. Only agents can pass liability to the corporate defendant, *id.*, and "only if the agent commits the tort while working within the line and scope of his employment." *Id.*

The court starts by examining a state supreme court decision that explains the difference in a case with somewhat similar facts.

1. *Wild Wild West*: Stephen Morrison had some drinks at the Plum Crazy bar, owned by Wild Wild West Social Club, Inc. A bar fight broke out around 1:00am, and a Plum Crazy bouncer ejected Morrison from the bar—personally walking him into the parking lot. Once in the parking lot, another Plum Crazy bouncer and two parking lot security guards separated Morrison and the first bouncer. Morrison wasn't finished and went after the first bouncer, pushing aside one of the parking lot security guards as he went. The two security guards grabbed Morrison and walked him back to their car, and the security guard that Morrison pushed (James Graham) punched Morrison in groin. Morrison needed emergency surgery two days later. He then sued Wild Wild West (the bar's owner).

7

At trial, Wild Wild West argued that Morrison failed to offer any evidence that James Graham, the parking lot security guard, was its agent rather than an independent contractor. The trial court denied WWW's motions, and a jury awarded Morrison $35,000.

The supreme court reversed. As for the law, the court said that "when a defendant's liability is based on the theory of agency, agency may not be presumed, and to support a finding of liability the plaintiff must present substantial evidence of an agency relationship. The party asserting the existence of an agency relationship has the burden of adducing sufficient evidence to prove its existence." 806 So. 2d at 1242 (cleaned up). The court then held that Morrison "did not present such evidence." *Id.* To the contrary, Morrison had hired the same security company (Metropolitan) to guard his business. *Id.* Plus, Morrison offered no evidence that "Wild Wild West retained, or exercised, any control over the means by which Graham and the other Metropolitan guards performed their duties." *Id.* The court also noted that the security guards "did not wear clothing, like that of the bouncer, that would indicate they were agents or employees of Wild Wild West." *Id.* The court thus concluded that "the jury had before it no evidence from which it could find that Graham was an agent of Wild Wild West." *Id.*

2. *Lack of evidence here*: Dennis similarly lacks any evidence of an agency relationship between Brookfield and the security guards. As mentioned, Dennis didn't use any of the discovery vehicles to obtain the needed evidence. He didn't propound any requests for admissions or interrogatories. He didn't depose a corporate representative for Brookfield or the security guards' employer (assuming they are different). He didn't even seek to depose the security guards.

So the only evidence the court has is Dennis's deposition testimony, Brookfield's initial disclosures, the incident report, surveillance video, and Dennis's FaceBook live video. None of this evidence is helpful. Neither Dennis's deposition nor Brookfield's initial disclosures prove the relationship between Brookfield and the security guards. The surveillance

video is too distant to allow a juror to read the company name on the security guards' uniforms. Dennis's video focuses on Dennis, not the guards, so it too fails to show the guards' uniform or suggest who controls them. And the incident report gives no indication, other than the header, which seems to suggest the guards were using a third-party reporting system:



(Doc. 21-5).

     Dennis points to one piece of evidence to support his argument for agency—*i.e.*, this portion of the incident report that indicates one of the security guards told some shop owners and a mall housekeeping employee to stop recording the incident with her phone:

> deescalate to no avail. During this time with Sgt. Foreman, several store tenants and a Housekeeping employee, Latasha Echols, were observed by our Security team filming the incident. Tenants from AM Beauty, Mr. Jeans, and various other locations were seen filming the altercation and Latasha Echols was also seen filming the altercation When asked to turn off her phone and stop filming by PSS Steven J. Patrick, she claimed she was not filming but face timing someone. Ms. Echols can be seen on camera interacting with the Individual in question during his altercation with Security and with Hoover Police. A decision was made by PSS S. Patrick to verbally ban Mr. Dennis for

*Id.* at 2. But evidence that a security guard told mall employees and tenants to stop filming the incident is not proof of who controlled the guard. For example, assume that one of the Hoover police officers was instead the person who asked everyone to stop filming. Would that prove the officer worked for the mall, rather than the City? What if Dennis asked everyone to stop filming, and they did? Would that prove Dennis worked for the mall? No reasonable juror could find that it would, so by the same token, no reasonable juror could base a finding that a guard was an agent or employee of the mall simply because he asked others to stop filming.

—

To sum up, "agency may not be presumed"; the plaintiff must prove it. *Wild West*, 806 So. 2d at 1242 (internal quotations omitted). Dennis has produced no evidence in opposition to Brookfield's motion that could support a finding that the security guards were Brookfield agents. Nor does it seem that Dennis asked for any evidence about agency in discovery—even though there were ripe fields of inquiry like corporate depositions, guard depositions, employment contracts, employee handbooks, hiring documents, paychecks, and etcetera. Dennis's failure to produce any evidence that could prove agency if admitted at trial requires the court to grant summary judgment on all counts. *See, e.g.*, *Ex parte The HuffingtonPost.com, Inc.*, 376 So. 3d 432,449-50 (Ala. 2022) (finding evidence that defendant "reserved editorial rights. . . to review and approve. . . submitted content," and "controlled access to the published content, including the right to remove the published content" was insufficient evidence of an agency relationship between the content creator and the defendant to survive summary judgment); *Wood v. Shell Oil Co.*, 495 So. 2d 1034, 1035-37 (Ala. 1986) (finding that a lease and dealer agreement that detailed the dealer's requirements for the lessee to keep certain business hours, maintain the premises for a limited purpose, perform work in a workmanlike manner, and maintain adequate and competent staff was insufficient evidence of an agency relationship between the lessee and dealer).

## CONCLUSION

For these reasons, the court **GRANTS** Brookfield's motion for summary judgment on all counts (doc. 19). The court will enter an Order consistent with this Memorandum Opinion that carries out this ruling and closes this case.

**Done** and **Ordered** on March 20, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE